17-1284-cv
*Paige-El v. Herbert*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand eighteen.

PRESENT:
> JON O. NEWMAN,
> PETER W. HALL,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

---

Bettie Paige-El,

> *Plaintiff-Appellant*,

v.                                                                          No. 17-1284-cv

Police Officer Jarrod Herbert, Police Officer Peter Congalosi,

> *Defendants-Appellees*,

New York City Police Department, 73rd Precinct, New York City Police Department, 88th Precinct, Detective Thomas Donohue, New York City Police Department, 81st Precinct, City of New York, New York City Police Department,

> *Defendants*.

---

1

FOR PLAINTIFF-APPELLANT:          Bettie Paige-El, *pro se*, Brooklyn, N.Y.

FOR DEFENDANTS-APPELLEES:     Susan P. Greenberg, Barbara Graves-Poller, *for* Zachary W. Carter, Corporation Counsel, New York, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Townes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Bettie Paige-El, proceeding *pro se*, appeals from a judgment in favor of Appellees in her 42 U.S.C. § 1983 action against the City of New York, the New York City Police Department ("NYPD"), Detective Thomas Donohue, and Police Officers Jarrod Herbert and Peter Congalosi. Paige-El alleged that Herbert and Congalosi effected an unlawful traffic stop and falsely arrested her, and that, after the arrest, a tracking device was installed in her car. She also alleged that other unidentified individuals engaged in a conspiracy to stalk and harass her, which ultimately culminated in attempted murder and kidnapping. The district court dismissed most of Paige-El's claims for failure to state a claim, and then granted summary judgment to Herbert and Congalosi on Paige-El's claim based on the traffic stop. This appeal follows. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in plaintiff's favor. *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). The complaint must

2

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept as true all the factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

We review *de novo* a district court's grant of summary judgment. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam). Summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine dispute exists, this Court must "resolve all ambiguities and draw all inferences against the moving party." *Garcia*, 706 F.3d at 127. A party, however, cannot overcome summary judgment by relying on "mere speculation or conjecture as to the true nature of the facts" because "conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)).

*Motions to dismiss.* Upon review, we conclude that the district court properly dismissed most of Paige-El's claims for failure to state a claim. The NYPD, as a city agency, is not a suable entity. N.Y. City Charter ch. 17 § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("The district court correctly noted that the NYPD is a non-suable agency of the City."). Paige-El failed to allege any official policy or custom giving rise to the alleged deprivations of her constitutional rights, as required to hold the City liable. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692–94 (1978).

3

Paige-El's first amended complaint contained no allegations concerning Detective Donohue, and, in any event, she has abandoned any claim against him by failing to address it in her appellate brief. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995). And she failed to attribute to any named defendant her allegations of surveillance, attempted murder and kidnapping, and damage to her car tires. *See, e.g.*, *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004) ("[I]n this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (quoting *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)).

Paige-El's false-arrest and warrantless-surveillance claims against Congalosi and Herbert were also properly dismissed. And she did not plead what involvement, if any, Congalosi and Herbert had in the alleged placement of a tracking device in her car. *See, e.g.*, *Back*, 365 F.3d at 122. To the extent Paige-El's second amended complaint could be construed to assert a First Amendment retaliation claim based on prior complaints she had made about her grandson's treatment in prison, she alleged no facts demonstrating that Congalosi and Herbert even knew about those complaints or were in any way motivated by them. *See, e.g.*, *Williams v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir. 2008) (requiring defendants' alleged actions to have been "motivated or substantially caused" by the exercise of a First Amendment right (quoting *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001))).

*Summary judgment.* We also conclude that the district court properly granted summary judgment to Congalosi and Herbert on Paige-El's claim based on the allegedly unlawful traffic stop. The temporary detention of an individual during a traffic stop qualifies as a Fourth Amendment "seizure." *Whren v. United States*, 517 U.S. 806, 809–10 (1996). "The Fourth Amendment requires that an officer making such a stop have probable cause or reasonable

4

suspicion that the person stopped has committed a traffic violation or is otherwise engaged in or about to be engaged in criminal activity." *Holeman v. City of New London*, 425 F.3d 184, 189 (2d Cir. 2005).

Here, Congalosi and Herbert submitted undisputed evidence that, at the time of the stop, they relied on information from the New York State Police Information Network showing that the license plates on Paige-El's car were suspended for want of active insurance coverage. Although Paige-El submitted evidence demonstrating that she had insurance at the time of the stop, this evidence was insufficient to create a genuine dispute of material fact concerning whether her insurance had previously lapsed. Paige-El's speculation that the stop was pretextual is irrelevant. "Whether probable cause or reasonable suspicion exists is an objective inquiry; the 'actual motivations of the individual officers involved' in the stop 'play no role' in the analysis." *Id.* at 190 (quoting *Whren*, 517 U.S. at 813).

We have considered Paige-El's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court